## Higgins v. Forkner, et al.

(Decided December 4, 1925.)

Appeal from Bourbon Circuit Court.

1.  Appeal and Error—Surprise as Ground for New Trial Not Considered, in Absence of Bill of Exceptions.—Surprise, which ordinary prudence could not have guarded against, based on facts which occurred in courthouse during the trial, as a ground for new trial, will not be considered, in absence of bill of exceptions presenting them.

2.  New Trial—Surprise as Ground for New Trial is Waived, in Absence of Motion to Discharge Jury.—Surprise, as ground for new trial, based on facts occurring in the courthouse during the trial. held waived, in absence of motion to discharge jury when the allegel surprise occurred.

3.  Municipal Corporations—Verdict for Defendant Held Flagrantly Against Evidence, which Clearly Showed Defendant's Negligence and Absence of Contributory Negligence.—In action for injuries

to woman when her buggy, which was parked along curbing 35 to 60 feet from intersection of streets, was struck by automobile rounding corner, verdict for defendant held flagrantly against the evidence, which clearly showed defendant was negligent, and that plaintiff was not contributorily negligent.

4. Municipal Corporations—An Instruction Placing Burden on Plaintiff to Disprove Contributory Negligence Not Proper.—In action to recover for personal injuries alleged to have occurred when plaintiff was thrown from her buggy on its being struck by automobile, an instruction which placed the burden on plaintiff to disprove her alleged contributory negligence held not proper.

5. Municipal Corporations—Instruction Requiring Plaintiff, who was in Buggy, to Take Same Precautions as Defendant, Driving Automobile, Held Inappropriate.—In action for injuries to woman, sitting in buggy parked along curbing of street, when struck by defendant's automobile, instruction requiring plaintiff to take same precautionary measures as required of defendant held inappropriate, as plaintiff was not driving an automobile, nor moving on street, at time of accident.

6. Appeal and Error—Appellant is Not Entitled to Relief for Error in an Instruction Given on Her Motion.—An appellant is not entitled to relief for error in an instruction offered and given on her motion.

VIRGIL CHAPMAN and TALBOTT & WHITLEY for appellant.

DENIS DUNDON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and plaintiff below, Cynthia Higgins, at the time of receiving the injuries for which she seeks the recovery of damages in this case, was 56 years old and the wife of a farmer living near Paris, Kentucky. For years she had been delivering in Paris, butter, eggs, cheese, and other products from her husband's farm, and on the occasion involved she had about finished such deliveries for that day and was traveling east on Tenth street in that city, but had stopped her horse with her buggy within a foot or so of the walk on the south side of that street between 35 and 60 feet west of its intersection with Pleasant street that runs north and south. Defendant, Holly Forkner, was 18 years of age, and the son of the defendant, C. T. Forkner, and the son was driving a Ford automobile south on Pleasant street and north of its intersection with Tenth street, and at the time he was engaged in business for his father, so as to

make the latter responsible in law for his son's negligence in handling the automobile driven by him. The son, with a companion riding with him, a Mr. Quisenberry, turned south on Tenth street as they emerged from the north end of Pleasant street, and in doing so they curved over to the south side of Tenth street and collided with the stationary buggy occupied by plaintiff and a little girl 12 years of age who was assisting her in delivering her marketing. The collision, according to plaintiff and her witnesses, threw her in the gutter on the south side of Tenth street and against the edge of the walk and produced the severe injuries for which she seeks damages. She alleged that the collision was produced solely by the negligence of young Foster, who was driving his father's automobile, as we have said, and but for which it would not have occurred, nor would she have been injured. A denial with a plea of contributory negligence was contained in the answer, and the latter plea was denied by reply, thus making the issues. The jury returned a verdict for defendants, and plaintiff's motion for a new trial was overruled, and her petition was dismissed, to reverse which she prosecutes this appeal.

A ground contained in the motion for a new trial and pressed upon this appeal was "Surprise which ordinary prudence could not have guarded against." But we have thoroughly examined the facts upon which it is based and have concluded that they are not sufficient to establish it, even if the record was in such condition as to authorize us to consider it, but which is untrue. The facts relied upon to substantiate that ground occurred in the courthouse during the trial and should have been preserved and presented to this court by a bill of exceptions, which was not done, they being manifested only by the affidavit of a bystander. Moreover, no motion was made to discharge the jury when the alleged surprise occurred and plaintiff thereby waived the error if it was one.

It is next insisted that the verdict was flagrantly against the evidence, and which ground we think is well taken. Plaintiff testified that she stopped her buggy between 50 and 60 feet west of its junction with Pleasant street, from which the automobile turned from the north into Tenth street, but defendant and some of his witnesses say that she was within 35 feet of the intersection of the two streets. Tenth street was slightly in excess

of 22 feet wide at that point, and Pleasant street was about 30 or 33 feet wide. Plaintiff and three or four other eye-witnesses testified that the automobile as it rounded into Tenth street from Pleasant street was traveling at the rate of as much as 20 or 25 miles per hour, plaintiff putting it as high as 50 miles per hour; while defendants proved by young Forkner and his companion that the automobile in which they were riding was not running exceeding five miles per hour. Plaintiff and her witnesses who saw the accident, some three or four besides herself, testified that the automobile curved over to the south side of Tenth street and struck the hind wheel of her buggy, lifting it some two or three feet off the ground and causing her to be thrown out of the buggy and in the gutter on that side of the street, whereby she sustained her injuries; while young Forkner and his companion, Mr. Quisenberry, testified that plaintiff jumped from her buggy at or about the time of the first collision, they claiming that there were two, and that instead of the buggy being stopped close to the south sidewalk and parallel with it, it extended out into Tenth street at an angle with the sidewalk of about 45 degrees and occupied as much as 10 feet of the street, leaving as much as 12 feet on the north side of that street wholly unobstructed. There was a restaurant in the northwest corner of the junction of the two streets and Quisenberry and young Forkner stopped their automobile in front of it and bought some coca cola. They then started, and immediately made the turn west into Tenth street. If they were going only five miles per hour, as is claimed, it is perfectly manifest that they could have stopped within a less distance than 35 feet had they exercised the slightest care, and it is almost equally as certain that they could have stopped in time to avoid the collision had they been traveling at a speed of as high as 25 miles per hour. But if not, the distance from the corner to where plaintiff was located afforded them ample opportunity to make the turn so as to pass her over the remaining 12 feet of Tenth street that was not occupied by her. Instead, however, they collided with the buggy in the manner above stated and from defendant's testimony alone, which is unconvincing, it is doubtful as to whether the driver of the automobile exercised proper care.

But, when we turn to plaintiff's proof as given by disinterested eye-witnesses, and augmented by the testi-

mony of herself and the little girl who was riding with her, plus the physical facts, there in no escape from the conclusion that, (a) the automobile turned the corner at an excessive and dangerous rate of speed, or (b) that if it was traveling at a moderate speed, there was a failure to exercise due care to stop it or to turn it so as not to produce the collision. The jury in returning the verdict for defendants necessarily found one of two things, i. e., that defendants were not negligent or, if they were, that plaintiff was guilty of contributory negligence.

We have seen that if the jury found fact (a) against plaintiff, their verdict was flagrantly against the evidence. The only ground upon which contributory negligence could be predicated was that plaintiff voluntarily jumped from her buggy at a time and under circumstances when she was not justified in doing so, and if the jury so found, their verdict was flagrantly against the evidence on that issue, as we will now proceed to show.

Everyone admits that there was a collision of the automobile with the buggy, and defendants claim that there were two collisions. As the automobile approached the buggy with the threatened consequences of a collision, plaintiff was placed in peril, if the circumstances were such as to generate such a belief in the mind of an ordinarily prudent person situated as she was, and in that event she had the right to act in emergency and was not responsible if in doing so she failed to adopt what ultimately turned out to be the safest course. It is extremely doubtful if there was any evidence to disprove such an emergency or to show that plaintiff was guilty of contributory negligence in jumping under the circumstances in which she was situated. However, conceding that defendants' evidence authorized submission of that issue to the jury, i. e., the failure of plaintiff to act in conformity with her rights under the emergency rule, then the verdict on that issue is clearly flagrantly against the evidence. Young Forkner testified that plaintiff jumped just before the collision, while Quisenberry testified that it was about the time of the collision, and the testimony of neither of them is at all convincing that plaintiff was not justified in jumping under the emergency rule, provided her situation was produced by defendant's negligence. However, when we turn to the testimony of plaintiff and her witnesses, it is quite convincingly shown not only that plaintiff was placed in peril so as to justify

her in acting in emergency, but also that such peril was produced by the negligence of defendants. At any rate, the finding of the jury upon the two issues discussed is clearly, to our minds, flagrantly against the evidence, and for that reason the new trial should have been granted.

Complaint was made of instruction No. 2½, which submitted to the jury defendant's theory that plaintiff voluntarily jumped from her buggy when she was not justified in doing so, and we are inclined to the belief that the instruction was not properly phrased. As prepared and given to the jury it placed the burden on plaintiff to disprove her alleged contributory negligence, and upon another trial the court will substitute instruction No. 2½ with this one:

"The court instructs the jury that if they shall believe from the evidence that plaintiff at the time of her injury was placed in imminent danger by the negligence of defendants, or that by their negligence they created a situation from which plaintiff in the exercise of ordinary care and prudence, such as would be exercised by ordinarily prudent and careful persons situated as she was, believed and had reasonable grounds to believe that she was in imminent danger or peril, then she was placed in emergency and she had the right to use any means that appeared to her under such circumstances to be reasonably necessary to avoid such danger, either actual or to her reasonably apparent, and if in using such means and while exercising ordinary care and prudence on her part she jumped from her buggy, then it was immaterial that she chose the wrong course, or that she would not have been injured had she followed some other course in the light of subsequent developments, and if the jury believe from the evidence that plaintiff jumped from her buggy on the occasion in question, but that she did so under the above circumstances, then she was not guilty of contributory negligence so as to relieve defendants from responsibility for her injuries. On the other hand, the jury are instructed that if they believe from the evidence that plaintiff voluntarily jumped from her buggy when she·was not in peril, real or apparent, as above described, or if so that it was not produced by defendant's negligence, then and in that event the law is for defendants and the jury will so find." See L. & N. Railroad Co. v. Molloy, 122 Ky. 219, and Big Sandy and Ky. River Railway Company v. Keaton, 206 Ky. 156.

Instruction No. 3 given by the court was inappropriate to the facts of this case, since it required plaintiff to take the same precautionary measures as instruction No. 1 required of defendants, when she was not driving an automobile, nor was she moving on the street at the time, but that instruction was offered and given on motion of plaintiff, and neither this nor the trial court may extend relief to her by reason of its error; but it may be corrected on another trial if desired.

Wherefore, the judgment is reversed, with directions to grant the new trial, and for proceedings consistent with this opinion.