## Epling v. Commonwealth.

### (Decided March 11, 1930.)

408

O. M. GOFF and ROSCOE VANOVER, Jr., for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

John Ell Epling was convicted of the crime of carnally knowing a female under the age of eighteen years, and condemned to serve two years in the penitentiary. He has prosecuted an appeal complaining mainly of the failure of the trial court to grant him a new trial upon the ground of newly discovered evidence. Some other incidental contentions are advanced which will be disposed of as the opinion proceeds.

The prosecuting witness testified to several instances of intercourse between her and the defendant, but the commonwealth elected to rely upon a specific occurrence at the home of Mrs. Emily Stewart, on August 6, 1928. After the trial was over, appellant filed the affidavit of Mrs. Emily Stewart, who is his sister, in which she stated that the testimony of the prosecuting witness respecting what occurred at her home on August 6, 1928, was not correct, and that the transaction did not occur then or at all. Mrs. Stewart was not present at the trial, but the defendant learned then that the commonwealth would rely upon the alleged act occurring at her house when she was present. The appellant then manifested no surprise, made no motion for a continuance,

and exerted no effort to obtain the presence of the witness. When a litigant is surprised at facts developed at the trial, he must take advantage of it at the time, and may not experiment with the jury, and, if the verdict happens to be against him, obtain another trial. Liverpool L. & G. Ins. Co. v. Wright, 158 Ky. 290, 164 S. W. 952; Caldwell v. Spears & Sons, 186 Ky. 64, 216 S. W. 83; Higgins v. Forkner, 211 Ky. 588, 277 S. W. 983; Wages v. Com., 192 Ky. 487, 233 S. W. 1044; Lewis v. Com., 190 Ky. 160, 227 S. W. 149. Furthermore, it is well settled that the application for a new trial must be accompanied by the affidavit of the applicant to the effect that the testimony was unknown to him during the trial, and could not, by the exercise of reasonable diligence, have been discovered sooner. Chilton v. Commonwealth, 170 Ky. 491, 186 S. W. 191, Ann. Cas. 1918B, 851; Ellis v. Commonwealth, 146 Ky. 715, 143 S. W. 425; Brennen v. Commonwealth, 169 Ky. 815, 185 S. W. 489. The proposed new testimony was merely contradictory of the prosecuting witness and cumulative of the denials interposed by the defendant. In such cases a new trial will not be granted. Mullins v. Commonwealth, 185 Ky. 326, 215 S. W. 56; Breeding v. Commonwealth, 191 Ky. 128, 229 S. W. 372. The defendant filed an elaborate motion and supplemental motion and grounds for a new trial, and in his brief has requested us to consider them all. Such a general invitation to search the record for error will not be accepted by the court. Walker v. Com., 211 Ky. 174, 227 S. W. 314; McKinzie v. Commonwealth, 193 Ky. 781, 237 S. W. 386. But the record in this case is short, and we have examined it carefully with all the complaints in mind, and find no merit in any of the grounds specified in the motions. The testimony was in direct conflict, and it was within the province of the jury to believe that of the commonwealth instead of that produced by the defendant. It is not within our province to revise the verdict of a jury respecting the credibility of witnesses, or to rejudge a finding of facts by that tribunal when deduced from conflicting evidence. Spradlin v. Com., 221 Ky. 372, 298 S. W. 952.

Especial insistence is made that prejudice resulted to appellant's cause from an improper question addressed by the commonwealth's attorney to an impeaching witness offered by appellant to prove that prosecutrix was a woman of bad reputation. The court sustained the objection to the question. Error may not

410

be predicated upon a single erroneous question asked by the commonwealth's attorney to which defendant's objection was sustained. Warman v. Com., 207 Ky. 738, 270 S. W. 48; Branham v. Com., 223 Ky. 233, 3 S. W. (2d) 629.

The judgment is affirmed.