## Burnett v. Commonwealth.

(Decided Jan. 26, 1934.)

B. B. GOLDEN for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellant, whom we shall call the defendant, seeks to reverse a judgment sentencing him to three years in the penitentiary for malicious shooting without wounding. He relies for reversal on numerous alleged errors, which we shall state as we reach them in our discussion.

### Refusal of Change of Venue.

The defendant made timely application for a change of venue to some county other than Harlan. The commonwealth resisted the application. Each side filed numerous affidavits, and, after the court had read them, the defendant was called and examined orally, and, after hearing his testimony and that of his witness, Joe Cawood, the court overruled the motion for change of venue, but ordered that a jury should be brought from another county for the trial of the case, but did not then say from what county it should come. To this order the defendant objected and excepted but he has not brought here the oral evidence heard by the court so we are unable to say the court erred in overruling the motion.

### The Jury.

When the day of trial came, a special venire was in

attendance from Jessamine county, summoned for the trial of another case which, for some reason, was not tried, so the court directed a jury be called from that venire for the trial of this case, which was done. The defendant did not object or except then, and it is too late to do so now.

### Motion for Continuance.

Defendant filed an affidavit for a continuance in which he set out the names of eighteen absent witnesses and what their evidence would be. Two of these were nonresidents, four attended and testified, the testimony of four others as set out in his affidavit was read to the jury, and defendant did not offer to read from his affidavit the testimony of the other eight, so there is no merit in this complaint.

### The Evidence Admitted.

The defendant persistently objected to evidence about his shooting Pace, but it was all one difficulty, the whole thing was over in a few seconds, and this court has already passed on a similar objection adversely in Reynolds v. Com., 249 Ky. 644, 61 S. W. (2d) 288. Defendant objected to the evidence relative to the purpose of these deputy sheriffs in coming to Evarts, but that was clearly admissible to show why they were there and for the light it threw on who was the aggressor in this shooting affray.

Defendant objected to evidence about who shot first, but that was clearly admissible, and defendant introduced such evidence as a part of his defense.

Defendant objected to evidence regarding the number of men congregated together when the officers drove up, but that evidence was admissible upon the question of the reasonableness of the conduct of the officers in apprehending danger to themselves from the men who ran behind the coal car.

The court permitted the commonwealth to show that shortly before these officers came several guns were taken from men in the crowd congregated about Vaughn's store and put in an automobile. The defendant had been in that crowd of men, and this evidence could not possibly be objectionable, as it indicated a then pacific purpose on the part of some of that crowd at least.

There were ninety-seven rulings upon the evidence adverse to the defendant, but this great number of adverse rulings resulted from his repeated objections to the same line of evidence. It is far better practice after objection has been made to a particular line of evidence, and the court has ruled upon it to not repeat the objection each time further evidence on that line is offered. A defendant does not have to continue making objection to the same line of evidence in order to preserve his rights. See Brown's Adm'r v. Wilson, 222 Ky. 454, 1 S. W. (2d) 767, 768, where we said:

"Having properly objected to similar evidence from Wilson when that objection was overruled, it was not necessary to repeat the objection every time a question along that same line was asked the same or any other witness."

### Questions by the Court.

The judge asked eleven questions during the examination of the witnesses. The record indicates these questions were properly asked to obtain information to enable the judge to pass intelligently upon objections that had been made to questions asked. Two were followed by rulings favorable to the defendant, one by a ruling favorable to the commonwealth, and no change in ruling resulted from the other eight. Of these eight the answers to seven were of probative benefit to the defendant and the answer to one benefited the commonwealth. The defendant does not undertake to point out how he was prejudiced by these questions and to us it appears he was rather benefited by them than hurt, and moreover there was no impropriety in the court asking these questions.

His final argument is that the verdict is flagrantly against the evidence. The verdict is flagrantly against the evidence introduced in his behalf, but entirely consistent with the evidence for the commonwealth. To justify a reversal for this reason, the verdict would have to be without support in any of the evidence.

The defendant's alleged peaceful purpose in going behind the coal car is not calculated to convince any one when the number of pistols he had on him is considered. A man's desire for peace and the credibility of his testimony as to that desire varies inversely with the nu-

merosity of the pistols he is carrying. The man who desires peace does not usually equip himself to kill his fellow man.

The judgment is affirmed.