## Burk v. Commonwealth.

(Decided May 31,.1935.)

THEO. B. BLAKEY for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellant was indicted in the Lee circuit court on the statutory charge of having had carnal knowledge of a female under eighteen years of age, and upon trial was found guilty. His punishment was fixed at two years confinement in the penitentiary. The court refused a new trial, and the defendant appeals.

The prosecuting witness very definitely accused the appellant of having been the cause of her difficulties; appellant on the other hand making an emphatic denial of any wrongdoing.

The evidence is that the prosecutrix was under the

age of eighteen at the time of the alleged act or acts, and the appellant about twenty-two years old. The prosecutrix lived with her family and the accused lived with his mother, their respective homes being something over a mile apart. Prosecutrix says appellant's mother wrote her notes some time in March, 1933, asking her to come over to see her because she was lonesome. The girl says she acquiesced; that she "kept going over there" because of appellant's mother sending for her; that she spent a "whole lot of nights" at the home of appellant's mother; that when she made visits to the home she would remain all night; and that at the times of some of these visits the appellant had intercourse with her. She testified that accused kept company with her for more than a year and a half, and at one time promised to marry her, but that when he learned of her condition he married her cousin.

Prosecutrix vigorously denied any illicit relations with others, or that she had even kept company with other young men, until a while after accused had ceased to visit her. The mother of the girl says that some time in the latter part of September she learned of her daughter's condition, and upon being questioned the girl imparted the information that appellant was the guilty party, saying, "It was George Burk and nobody else." The girl testified that in November, 1933, appellant was at her home, and in the presence of her mother admitted that he was the cause of her difficulties. It may be emphasized here, because of importance later, that Mrs. Underwood, the girl's mother, fixed the occasion of the conversation as having been election night in November, 1933, and that Will Burk and Farris Flannery were present.

The appellant admits that he visited the girl frequently over a period of some sixteen months. He denied that his mother had ever at any time written notes to the prosecutrix and likewise denied that the girl had ever spent a night in his mother's home, but says she came there one night saying that her mother had beaten her severely, and that his mother advised her to go back to her own home, which she did. He denied very emphatically any improper relations with the girl, but said that he was in earnest in his courtship, and at one time had asked her to marry him, and was met with refusal, and that he had asked her mother for her hand in marriage, but that "she laughed at him."

The mother of appellant corroborated his testimony in respect to the notes and the alleged visits to her home. Some evidence was produced to show that the moral reputation of prosecutrix was bad, and it was further shown that on one or two occasions she had been seen in rather compromising positions with other young men.

The grounds here urged for a reversal are (1) the discovery of new and important evidence which appellant claims that he could not, and had no reason to attempt to discover prior to the trial. The ground is one really based on surprise at the testimony of Mrs. Underwood, who stated that on the night of the November election in 1933 appellant was at her home in company with Will Burk and Farris Flannery, and admitted in their presence, to her and the prosecutrix, that he alone was responsible for the girl's condition.

The appellant denied unequivocally that he was at the Underwood home on that night, or on any other occasion with the two young men named, and denied that he had ever made such a statement in their presence at any time.

After the jury returned a verdict finding him guilty, he filed his own affidavit and the affidavits of the two young men, Burk and Flannery, in which he and they denied that they were at the home of the Underwoods on the fixed date, or any other time, and further that appellant had never at any time made such a statement in their presence and in the presence of the prosecutrix and her mother.

The second contention stressed in the brief, and which was presented on the motion for a new trial, is a claimed prejudicial error in requiring a witness to answer a question which might have tended to incriminate the witness, after the appellant's counsel had withdrawn the question. The witness was testifying for appellant and had said that he had been a frequent visitor at the home of prosecutrix during the year 1933; had visited her "about every Saturday and Sunday nights for a while." This witness was Albert Day, whom one witness said he had observed in compromising positions with prosecutrix. He was asked by counsel for appellant the following question, "Did you ever have intercourse with her?" when the following occurred:

"By the Court: Answer the question, did you ever have intercourse with her?

"A. Well, I'm not supposed to tell anything on myself.

"By the Court: Yes, you are a witness here. You can't tell a piece and then just stop. Did you ever have intercourse with her?

"By Mr. Blakey: I withdraw the question.

"By the Court: No he will answer it. Did you have intercourse with her? Answer the question." (Attorney for defendant objected to this question by the court; the court overruled the objection and required the witness to answer the question, to which the defendant excepted.)

"A. Well, no.

"Q. You didn't? A. No." (The defendant moved the court to withdraw the question and answers from the consideration of the jury. This the court declined to do and defendant excepted.)

Counsel for appellant contends that the conduct of the court was very prejudicial to the rights of his client, but it is noted that he only objected to the question. The argument seems to be that when counsel saw the predicament of the witness when he answered, "I'm not supposed to tell anything on myself," he was in his own way as a layman attempting to claim his constitutional right to refuse to make answer which would tend to incriminate him, and with this situation existing he withdrew the question, though in withdrawing it he still left before the jury rather a strong inference that the witness had been on intimate terms with the prosecutrix.

Taking up the complaint that the court erred in not granting a new trial on the ground of appellant's surprise at the testimony of Mrs. Underwood, it will be noted that the prosecutrix first testified that appellant was at her home on the night of November 7, and admitted his conduct. There was no objection offered to this testimony. Mrs. Underwood followed her daughter and went into detail as to this bit of evidence. She fixed the date and also gave the names of the two young men, whom she said were present at the time. No objection to the daughter's testimony was interposed, nor was objection made to the mother's account as to what transpired on that night.

Appellant having made no move to avail himself of the alleged prejudicial error until the jury had returned a verdict finding him guilty, he is in no position to complain of the court's adverse ruling. He elected to rest his chances on the outcome of the submission to the jury. The appellant should have indicated his surprise at the time the evidence was admitted, and upon an adverse ruling he should have moved to withdraw the case from the jury, and asked a continuance so that he might be enabled to meet the surprising testimony. The testimony was not substantive, but, if introduced, would only have had the effect of tending to contradict the evidence of prosecutrix and her mother. Mullins v. Com., 185 Ky. 326, 215 S. W. 56; Phillips v. Com., 227 Ky. 212, 12 S. W. (2d) 305; Epling v. Com., 233 Ky. 407, 25 S. W. (2d) 1022.

As to the second alleged error urged by appellant, we could only reverse the case on such a showing if it appeared that the error, if any, deprived the appellant of any of his substantial rights.

As we view the episode, it did not amount to an error prejudicial to his substantial rights. It is not attempted to be shown, nor was it claimed that but for the court's insistence that the witness answer the question, he would have answered it in the affirmative rather than as he did. It is argued that the error, if one was committed, was not because of what was said by the witness, but because of the misconduct of the court.

In Kayes v. Com., 221 Ky. 474, 298 S. W. 1096, Druin v. Com. (Ky.) 124 S. W. 856, and Gilbert v. Com., 204 Ky. 505, 264 S. W. 1095, it was held that, ordinarily, evidence of specific acts of unchastity with other men is incompetent in cases like the present, but that when evidence of pregnancy is admitted, it necessarily follows that the accused may meet it by showing that another man was responsible for her condition. All of the above-cited cases had to do with prosecutions under section 1155, Ky. Stats., the same section under which the prosecution of this case was begun.

It is not necessary for us to pass on the question as to whether Day's evidence was competent or not, despite what his answer or answers might have been. There was no objection to it on the part of the commonwealth. If it was incompetent, the appellant cannot complain because the final reply was not satisfac-

tory to him. If it was competent, then the insistence of the court that all the testimony come out was not error.

In the case of Carnes v. Com., 146 Ky. 425, 142 S. W. 723, 725, wherein the court had ruled that the defendant could prove the fact that there had been a previous difficulty, but could not go into details, and counsel for defendant insisted on asking questions which called for accused's opinion on a matter to which the court sustained objection, the court said: "If you can have it all, you can have it on both sides." This court held no prejudicial error. See, also, Burnett v. Com., 252 Ky. 521, 67 S. W. (2d) 683.

Here the appellant had proceeded far enough to elicit an answer which might have created a favorable impression in the minds of the jury, and counsel was willing then to withdraw the question, still leaving the impression with the jury. The commonwealth's attorney on cross-examination would have had the right to ask the same question which the court asked, and we can see no prejudicial error on the part of the court in pressing the question.

Judgment affirmed.