# STATE v. JOHN MUSTA.

170 N. W. (2d) 341.

August 22, 1969—No. 40894.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *William B. Randall,* County Attorney, and *Steven C. DeCoster* and *Thomas M. Quayle,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of conviction entered February 17, 1967, after defendant had been found guilty by a jury of aggravated robbery and aggravated assault as charged in an indictment. He was sentenced for aggravated robbery, but not for the assault.

Upon this appeal, it is contended that defendant was denied due process of law in the proceedings which resulted in his conviction because:

(1) The arrest of defendant on May 24, 1966, was made pursuant to a warrant for arrest which was not authorized by a magistrate after an adequate showing of probable cause as required by State ex rel. Duhn v. Tahash, 275 Minn. 377, 147 N. W. (2d) 382.

(2) On February 14, 1967, as the jury was about to begin its deliberations, a prejudicial article appeared in the St. Paul Dispatch relating to a police officer who was wounded in the exchange of gunfire occurring at the time of the alleged assault.

(3) The trial court denied defendant's pretrial motion for a separate trial on each of the charges embraced in the indictment.

We affirm the convictions on the following grounds: (1) By interposing a plea of not guilty to the indictment, defendant waived any irregularity in the issuance of the arrest warrant. (2) No adequate showing has been made that the newspaper

article involved affected the jury in its deliberations. (3) The trial of the robbery and assault charges together was proper under the circumstances of this case.

## THE ARREST

■ In State ex rel. Duhn v. Tahash, 275 Minn. 377, 147 N. W. (2d) 382, filed December 16, 1966, we held that where an arrest for a felony is based on a warrant it must be authorized by a magistrate who has had opportunity to determine whether probable cause for the arrest has been established. In the same case we held, however, that the district court has jurisdiction to try a defendant actually present before it notwithstanding the circumstances under which the warrant issued, and that the right to challenge the legality of the arrest is waived if not asserted before the defendant enters his plea. In the instant case, defendant entered his plea of not guilty to the indictment without contesting the legality of the arrest. Such action constituted a waiver even though the plea was interposed on June 2, 1966, and the decision in the Duhn case was not filed until December 16 of that year. The fact that defendant's counsel contested the arrest promptly after the Duhn case was filed does not change the situation in our judgment. There has been no showing that this defendant suffered prejudice at trial either because of his arrest or on account of any evidence secured incident to this apprehension.[1] The trial court properly declined to dismiss the proceedings then pending before it.

## PUBLICITY

■ The newspaper article which appeared in the St. Paul Dispatch during the afternoon of February 14, 1967, could conceivably have been available to the members of the jury trying defendant on the robbery and assault charges. The jurors were afforded brief recesses at about 4 p. m. and again at about 6:30 p. m. on that day. In addition, they were served their evening meal at a public restaurant near the Ramsey County Court-

---

[1] See, State v. Burch, 284 Minn. 300, 170 N. W. (2d) 543.

house between 7:30 and 8:30 p. m. on February 14, after which they returned to and were locked in the jury room to continue their deliberations. But there is nothing in the record before us to show that the newspaper article in question actually came to the attention of any given juror. There is no showing whatever that the existence of the article caused prejudice to defendant.[2] Apart from this, it is doubtful whether the article which did appear in the newspaper on that day was of such a nature as to affect the jurors' deliberations in a prejudicial manner.[3]

---

[2] See, State v. Collins, 276 Minn. 459, 150 N. W. (2d) 850, certiorari denied, 390 U. S. 960, 88 S. Ct. 1058, 19 L. ed. (2d) 1156; State v. Thompson, 273 Minn. 1, 139 N. W. (2d) 490, certiorari denied, 385 U. S. 817, 87 S. Ct. 39, 17 L. ed. (2d) 56; Annotation, 31 A. L. R. (2d) 417.

[3] St. Paul Dispatch, February 14, 1967:

"DETECTIVE HONORED AT CLUB'S OBSERVANCE

"St. Paul's observance of national crime prevention week was highlighted today during the weekly luncheon meeting of the Midway Exchange Club in the Midway YMCA, 1761 University Avenue.

"The observance here is being sponsored by the club. Honored at the luncheon which was attended by several city officials was Detective Gerald A. Hanggi of the police robbery division, who was presented a check for $100 by Police Chief Lester McAuliffe on behalf of members of the club.

"Hanggi was wounded in an exchange of gunfire with two bandits early last May 24th after a robbery at Wosika's Bar, 731 Randolph Avenue. The gunshot wound shattered nerves in Hanggi's right thigh, and he has been unable to return to duty since being wounded. He faces further surgery.

"The bandits were apprehended shortly after the incident.

"Presenting the award, McAuliffe said it was in token of the sacrifice Hanggi had made in the interests of public safety.

" 'You are typical of all members of the department who risk their lives and health to uphold the law. The Exchange Club would like you to consider this award as a grateful "thank you" from all the citizens of St. Paul.'

"Mayor Thomas Byrnes and William E. Carlson, Commissioner of Public Safety, spoke briefly.

"Principal speaker was Robert J. Freischel, Deputy Police Chief in

## ONE PROSECUTION FOR ROBBERY AND ASSAULT

■ The decision of the state to charge defendant in one indictment with the separate crimes of aggravated robbery and aggravated assault was made pursuant to Minn. St. 609.035[4] which states:

"Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

The evidence submitted in support of the indictment was adequate to establish beyond a reasonable doubt the following facts: Defendant and three accomplices at approximately midnight of May 23, 1966, perpetrated a robbery of Wosika's Bar, 731 Randolph Street, St. Paul, Minnesota. Two of the men (William Schwerm and Donald Haley) were apprehended as they were about to drive away from the area where the robbery occurred. John Musta and Vernon Rollins, observing the police officers, fled the scene on foot. The police knew that the defendant's car was parked at the William Schwerm residence at 854 Burr Street in St. Paul. They stationed themselves at that point, anticipating that Musta and his companion would come there. Defendant and Rollins did arrive at 854 Burr, a distance

charge of staff and inspection, who criticized the apathy towards crime by many American citizens.

" 'We tend to remain complacent about insidious changes in our internal affairs that may well have serious consequences. Little, if any, attention is given to court decisions which, in effect, state that our liberties are seriously threatened if obscene or radical literature is not permitted on a news stand or, conversely, if an innocuous prayer is permitted in the schools,' he said."

[4] See, State v. Shevchuk, 282 Minn. 182, 163 N. W. (2d) 772; State v. Murphy, 277 Minn. 355, 152 N. W. (2d) 507; State v. Reiland, 274 Minn. 121, 142 N. W. (2d) 635; State v. Johnson, 273 Minn. 394, 141 N. W. (2d) 517; Note, 50 Minn. L. Rev. 1102.

of approximately 6 miles from Wosika's Bar, on foot at about 2:30 a. m. The police officers announced their presence. They were fired upon by Musta and his companion. In an exchange of gunfire, Rollins and one of the officers fell wounded at the scene. Musta was hit. Fleeing, he sought help at 752 DeSoto Street in St. Paul where he was eventually placed under arrest.

There was evidence from which the jury could have found that John Musta did not participate in the robbery. There was evidence, too, from which the jury might conceivably have found that Musta used his firearm when he reached 854 Burr Street but did so only in self-defense. The fact that the jury found defendant guilty of aggravated robbery and aggravated assault as charged in the indictment, however, determines for the purposes of our review that defendant did participate in the holdup and did assault the police officers when they attempted to apprehend him as he was in the process of fleeing the scene of the robbery.

Defendant was not prejudiced in a legal sense by the state's decision that § 609.035 applied to the prosecution of the robbery and assault charges. Although found guilty of both offenses, defendant received no sentence whatever on account of the assault. Therefore, the inclusion of both offenses in the one prosecution pursuant to § 609.035 worked to defendant's advantage unless it can be said that evidence which would otherwise be inadmissible became admissible because of the joinder.

We have concluded that the evidence received in this case would have been admissible in proof of either charge. If defendant had been charged with the robbery only, evidence of his efforts to escape apprehension including the exchange of gunfire which constituted the assault would have been admissible as evidence of participation in the robbery.[5]

---

[5] See, People v. Davis, 14 Ill. (2d) 196, 151 N. E. (2d) 308; Whiteman v. State, 119 Ohio St. 285, 164 N. E. 51, 63 A. L. R. 595; 1 Wharton, Criminal Evidence (12 ed.) §§ 205 and 235; 77 C. J. S., Robbery, § 46.

If the trial had been for the assault only, evidence to show that defendant had participated with others in the robbery would have been admissible to show that the assault perpetrated was not in self-defense.[6]

We conclude, therefore, that the joint trial of the robbery and assault charges under the circumstances of this case did not cause reversible error.

Affirmed.

[6] See, Burnett v. Commonwealth, 252 Ky. 521, 67 S. W. (2d) 683; People v. Wilson, 141 N. Y. 185, 36 N. E. 230; Commonwealth v. Major, 198 Pa. 290, 47 A. 741; 1 Wharton, Criminal Evidence (12 ed.) § 234; 6 C. J. S., Assault, § 122.