## COUNTY COURT — RENSSELAER COUNTY.

### December, 1917.

## THE PEOPLE v. JAMES C. FITZGERALD.

(101 Misc. 696.)

AUTOMOBILES *— RECKLESS DRIVING ON PUBLIC STREETS — MISDEMEANOR — PENAL LAW, § 1938 — GENERAL HIGHWAY TRAFFIC LAW OF 1917.

Where the act of defendant in driving an automobile on the public streets of a city at a greater speed than one mile in four minutes was not only in violation of a local ordinance but also violated the provisions of the General Highway Traffic Law (Laws of 1917, chap. 655), which prohibits reckless driving and makes the same a misdemeanor, defendant may be proceded against under either provision of law, but under section 1938 of the Penal Law it is improper to render two different judgments of conviction against him.

APPEAL from a judgment of conviction of the Police Court of the city of Troy, rendered July 11, 1917.

*John P. Taylor, District Attorney,* for People.

*Melvin T. Bender,* for defendant.

RUSSELL, J.:

This is an appeal from a judgment of conviction of the Police Court of the city of Troy, N. Y., rendered on July 11, 1917, for driving an automobile on a public street in the city of Troy on June 30, 1917, at a greater rate of speed that one mile in four minutes, in violation of a city ordinance passed pursuant to the provisions of section 288 of the Highway Law.† The defendant was sentenced to pay a fine of fifty dollars and to be imprisoned

* See Notes, Vol. 32, p. 231; Vol. 34, p. 335.
† See Laws of 1917, chap. 769.—[REP.

in the Rensselaer county jail until said fine be paid, not exceeding fifty days.

Also from a judgment of conviction of the Police Court of the city of Troy rendered on July 11, 1917, for reckless driving in the city of Troy on the 30th day of June, 1917, in violation of the provisions of section 14 of the General Highway Traffic Law, adjudging that the defendant pay a fine of fifty dollars and be imprisoned in the Rensselaer county jail until said fine be paid, not exceeding fifty days.

In this case there are three questions to be determined.

*First.* Was the defendant entitled to a written information before the learned magistrate proceeded with the trial?

*Second.* Did the General Highway Traffic Law of the State of New York repeal the force of the ordinance of the city of Troy with respect to the regulation of the speed of motor vehicles on June 30, 1917?

*Third.* Did the Police Court of Troy have the power to convict the defendant for a violation of the General Highway Traffic Law and for a violation of the ordinances of the city of Troy with respect to the regulation of speed of automobiles for one and the same act?

The alleged crime was committed in the presence of a police officer of the city of Troy on a public highway within the city of Troy and consequently no written information was necessary. An arrest without a warrant for a crime committed in the presence of a peace officer is permitted by section 177 of the Code of Criminal Procedure. When the defendant was first arraigned the charges were stated by the magistrate. The defendant pleaded not guilty and asked for an adjournment; there was no warrant of commitment pending the adjournment, consequently there was no requirement for a written information pending the adjournment or at the time when the defendant went to trial. (People ex rel. Farley v. Crane, 94 App. Div. 400.)

The General Highway Traffic Law, which became a law May

25, 1917, provided that reckless driving is prohibited and further provided that every person violating this provision shall be guilty of a misdemeanor. This same law in section 22, subdivision 4, provided that " Local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation in any way in conflict with, contrary to, or inconsistent with the provisions of this chapter, or any general law affecting vehicles which has or hereafter may be enacted, and no such ordinance, rule or regulation of such local authorities now in force or hereafter enacted shall have any force or effect, provided that nothing in this chapter shall impair the validity or effect of any ordinance regulating the speed of motor vehicles heretofore or hereafter made, adopted or prescribed by cities of the first class."

Another law was passed June 6, 1917, amending the Highway Law, in relation to motor vehicles, which law provided in section 288 as follows: " that nothing in this article contained shall impair the validity or effect of any ordinances regulating the speed of motor vehicles, or of any traffic regulations with regard to the operation of motor vehicles, heretofore or hereafter made, adopted or prescribed pursuant to law in any city of the first class or in any city of the second class in a county adjoining a city of the first class; provided, further, that the local authorities of other cities and incorporated villages may limit by ordinance, rule or regulation the speed of motor vehicles on the public highways, such speed limitation not to be in any case less than one mile in four minutes, and the maintenance of a greater rate of speed for one-eighth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent."

The law passed June 6, 1917, amending the Highway Law in relation to motor vehicles superseded the General Highway Traffic Law passed May 25, 1917, and therefore all sections of the General Highway Traffic Law with relation to motor vehicles

which were inconsistent with the provisions of the law passed
June 6, 1917, were superseded. The provision of the General
Highway Traffic Law with respect to the speed of motor
vehicles is not inconsistent with the provisions of the law of June
6, 1917, except as to the power of local authorities to pass ordi-
nances regulating the speed of motor vehicles within the limits
of a city or an incorporated village. The General Highway
Traffic Law provided that reckless driving is prohibited, that
is all the said law contains as to the speed of motor vehicles.
These words are not inconsistent with the provisions in the law
of June 6, 1917, which is as follows: " *   *   *   such speed limi-
tation not to be in any case less than one mile in four minutes,
and the maintenance of a greater rate of speed for one-eighth
of a mile shall be presumptive evidence of driving at a rate of
speed which is not careful and prudent   *   *   *." Since the
maintenance of a greater rate of speed than one mile in four
minutes for one-eighth of a mile is only presumptive evidence
of driving at a rate of speed which is not careful and prudent, it
therefore necessarily follows that a motor vehicle may be driven
at a greater rate of speed and the presumption that the driver is
not careful and prudent may be overcome by the evidence. On
the other hand, it cannot reasonably be urged that an ordinance
in a city or an incorporated village permitting the driver of a
motor vehicle to drive at the rate of one mile in four minutes
means that he can drive at said rate at any place if such speed
should be reckless and endanger the lives of other people. It
is the evident intent of both the law of May 25, 1917, and the
law of June 6, 1917, with respect to motor vehicles to prohibit
reckless driving and such reckless driving to be determined by
the facts and circumstances surrounding each case. It was also
the intent of the legislature to give to local authorities the power
to pass ordinances in cities and in incorporated villages in this
State with respect to the regulation of speed of motor vehicles
in said cities and villages. To leave to the discretion of all
drivers of automobiles the speed at which they may drive and

also to judge whether or not such speed is reckless would be unwise. There are conditions in all cities and in villages which are foreign to strangers driving automobiles and for this reason alone local authorities should be vested with the power to regulate the speed of automobiles in their respective cities and incorporated villages.

The trial court proceeded to trial under both the General Highway Traffic Law and the ordinances of the city of Troy and found the defendant guilty of a violation of each. That was improper. The Penal Law states in section 1938: "An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision."

There was one act committed by the defendant for which he was arrested. This act was made punishable in different ways and by different provisions of law. The trial court could have properly proceeded under either the General Highway Traffic Law or the ordinances of the city of Troy, but not under both. It was improper to render two different judgments of conviction against the defendant for one and the same offense. For this reason the judgments of conviction should be reversed, and a new trial ordered. (People v. Krank, 110 N. Y. 488.)

Judgments of conviction reversed and a new trial ordered.