## COUNTY COURT — NASSAU COUNTY.

### March, 1923.

### THE PEOPLE v. LEWIS PEARSON.

(377 Misc. 377.)

INDICTMENT—VIOLATION OF HIGHWAY LAW, § 290(3)—ACQUITTAL ON CHARGE OF RECKLESS DRIVING NOT RES ADJUDICATA AS TO OTHER CRIMES CHARGED IN INDICTMENT.

An indictment charged the defendant with the crime of going away without stopping after an automobile accident in violation of section 290(3) of the Highway Law. Another count charged him with the

crime of operating a motor vehicle while in an intoxicated condition and by a separate count he was charged with assault in the third degree, all growing out of the same identical accident. *Held*, that his former acquittal by a jury on a charge of reckless driving arising out of the same accident was not a bar to the prosecution of the separate and distinct crime charged in the indictment, and a motion to dismiss the indictment on the ground that the verdict of the jury was *res adjudicata* will be denied.

MOTION to dismiss indictment.

*Charles R. Weeks, District Attorney,* for plaintiff.

*Charles N. Wysong,* for defendant.

SMITH, J.:

This is a motion to dismiss the indictment No. 2411, which charges the defendant with the crime of going away without stopping after an accident that occurred on or about September 19, 1922, in violation of subdivision 3, section 290, of the Highway Law. The indictment also contains a count charging the defendant with the crime of operating a motor vehicle while in an intoxicated condition, and under a separate count charges the defendant with assault, third degree, all growing out of the same and identical accident. The ground upon which this motion is based is that before the finding of the indictment the defendant was tried before Judge Foster, police justice, and a jury at Floral Park in this county upon the charge of reckless driving. The reckless driving charge arose out of the same accident that is specified in the indictment in question, and it is contended by counsel that inasmuch as the defense that was interposed in the court below was an alibi, the jury having acquitted, the verdict became *res judicata*. It is also contended that trial upon the indictment would be placing the defendant twice in jeopardy.

In order to determine whether or not the verdict of the jury is *res judicata,* it is necessary to consider just what the legal

effect of that verdict was.    A verdict of " not guilty " simply means that the jury was not convinced beyond a reasonable doubt of the guilt of the defendant.     " Of itself the verdict spoke but one thing, that defendant was not guilty."    (People v. Rogers, 102 Misc. Rep. 437; affd., 184 App. Div. 461; affd., 226 N. Y. 671.)    While it is true that the defense of an alibi was interposed at the trial, we cannot speculate upon what the jury based its verdict of " not guilty."    It may be that the jury was not satisfied with the evidence of reckless driving. Section 6 of article 1 of the State Constitution provides that no person can be subjected to a second prosecution for a crime for which he has once been prosecuted and duly convicted or acquitted.

Upon the question of former jeopardy the real inquiry is whether the offenses are identical in law and in fact.    (People v. Rodgers, 184 App. Div. 461; Burton v. United States, 202 U. S. 344, 380, 381.)

The crime charged in the lower court, to wit, reckless driving, and the crime charged in the indictment are in no sense the same, although growing out of the same accident.    Each involves a different act upon the part of the defendant.    Reckless driving may be shown without there being an accident, and while an accident may be the result of reckless driving and often is obviously, there can be no crime of going away after an accident unless there has been an accident and something done by the defendant after the accident occurred, to wit, going away without stopping.

It is, therefore, clear that a trial upon the charge of reckless driving and an acquittal or conviction is in no sense a bar to prosecution upon the charge of going away without stopping after an accident, as they are separate, distinct, and different crimes, although they may grow out of the same and one identical accident.

The motion is, therefore, denied.

Ordered accordingly.