THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CARL SKARCZEWSKI, Appellant.*

County Court, Monroe County, May 16, 1941.

*Charles J. Mondo,* for the appellant.

*Daniel J. O'Mara, District Attorney* [*Harry L. Rosenthal* of counsel], for the respondent.

* Affd., 287 N. Y. 826.   See, also  287 N. Y  647.

KOHLMETZ, J. . As a result of a collision between two automobiles, one of which was being operated by the defendant, the defendant was charged with committing three separate offenses. In one information, he is charged with driving an automobile while he was intoxicated and also with reckless driving in that he operated his automobile in a manner which unreasonably interfered with the free and proper use of the highway and unreasonably endangered users of said highway. In a separate and additional information the defendant was charged with operating a motor vehicle while his license was suspended. All of these three charges arose out of one accident which happened on September 29, 1940. After a trial of all three charges, at one and the same time, the court found the defendant guilty and passed judgment by imposing sentence separately on each one. From each of these three judgments of conviction the defendant appeals.

The defendant claims that there was a failure of proof of the charges of reckless driving and operating an automobile while he was intoxicated and that for that reason the judgments of conviction should be reversed. I have made a very careful examination of the record in this case and have given careful and thorough consideration of the evidence given on the trial in City Court, and I am convinced that the credible evidence produced on the trial amply supports the conclusion that the defendant was proven guilty of these two charges beyond a reasonable doubt. Neither do I believe that the sentences imposed were excessive as claimed by the defendant.

On the hearing of this appeal the defendant contended and strenuously argued that the court erred in sentencing the defendant on each of the three separate charges in contravention of section 1938 of the Penal Law. He claims that in view of the fact that operating the automobile was a necessary element in the commission of each of these offenses, section 1938 of the Penal Law applied, and that, therefore, the court was authorized to pass judgment and punish the defendant on only one of the charges. I am of the opinion that the section does not apply to the instant case and, therefore, disagree with the contention of the defendant.

The statute reads as follows: " An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision." After carefully reading this section, the only conclusion that one can arrive at is that it does not apply unless the act involved is a criminal one. It is clear to me that the proper

interpretation of this section is, that where the same act is made criminal by two different statutes or laws, then one committing the act can be prosecuted and punished under one only. It is also clear to me that the act which counsel claims is common to all three charges, namely, that of operating the automobile, does not come within the purview and meaning of this statute. In view of the fact that the operating of an automobile, in and of itself, is not criminal, it is difficult to understand how it can be claimed that section 1938 applies. The gravamen of the three offenses with which the defendant was charged and on which he was tried and convicted, is entirely different in the three charges. On the charge of driving while intoxicated, it is the intoxication; on the charge of reckless driving, it is operating an automobile in a manner which unreasonably interfered with the free and proper use of the highway and unreasonably endangered users of the highway; and on the charge of driving while the operator's license is suspended, it is the failure to have a legal license. Operating the automobile was one of the evidentiary facts which was required to be proven on each of the three charges, but a conviction on any one of them cannot rest on that fact alone. It was necessary to prove other and different facts on each of the three charges in order to prove that the defendant was guilty of any one of them. It is, therefore, clear that all of these three offenses were separate and distinct in law and in fact and that the defendant was not punished for a criminal act on any one of them in violation of section 1938 of the Penal Law.

In determining whether or not one may be punished for a criminal offense in violation of section 1938 of the Penal Law, the principles of law relating to double jeopardy must be considered and kept in mind because those principles apply with practically the same force on an interpretation of the provisions of section 1938. As Judge LEHMAN said in his opinion in the case of *People* v. *Snyder* (241 N. Y. 81): "Not only the letter but the full spirit of the constitutional prohibition is embodied in, if not indeed extended by, our statute law in section 1938 of the Penal Law." It is well settled that a conviction or acquittal upon one charge is no bar to a subsequent conviction and sentence upon another, unless it appears that the offense charged was the same in law and in fact as the one of which the defendant had either been acquitted or convicted. The fact that both charges relate to and grow out of one transaction makes no difference. Even if there is a fact which is common to both charges, but evidence is required to establish the second charge which was not required in the proof of the first charge, then the claim of double jeopardy is without foundation.

The general rule is well stated in the case of *Morey* v. *Commonwealth* (108 Mass. 433) as follows: " A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

Attention is called to two opinions which bear directly on the proposition under consideration. The first is an opinion by the Attorney-General. (51 State Dept. Rep. 173.) The Attorney-General was requested for a ruling as to whether or not two offenses, arising out of the same transaction, one driving while intoxicated and the other reckless driving, are identical in law and in fact and whether or not an offender may be punished for both offenses arising out of the same transaction. In a carefully written opinion, thoroughly covering the subject, the Attorney-General answered the question as follows: " The offenses in question, namely, driving while intoxicated and reckless driving, are not identical in law and in fact. They are separate and distinct and if the defendant be found guilty of both, there is no reason why separate fines may not be imposed for each offense."

In 1932 the Court of Appeals, in deciding the case of *People* v. *Grogan* (260 N. Y. 138) made a very important statement in construing section 58 of the Vehicle and Traffic Law. The opinion in that case is very helpful in answering the question as to whether or not the three offenses charged in the instant case are separate and distinct and whether or not they are the same in law and in fact. Judge CRANE writing for the court made this statement: " This present action, 58 of the Vehicle and Traffic Law, being former section 287-b of the Highway Law, attempts to provide for three separate and distinct acts which constitute reckless driving: (1) ' Driving * * * in a manner which unnecessarily interferes with the free and proper use of the public highway; ' (2) ' driving * * * in a manner which * * * unnecessarily endangers users of the public highway; ' (3) ' reckless driving is prohibited.' The commission of any one of these three acts is made a misdemeanor. They are separate and distinct offenses and the conviction or acquittal of one does not prevent a prosecution for violating the others. (*State* v. *Andrews*, 108 Conn. 209, p. 213.) "

If the elements that constitute the offense of reckless driving under section 58 of the Vehicle and Traffic Law are separate and distinct offenses and are not the same in law and in fact, it surely must follow that the offenses charged in the informations in the instant case, namely, driving while intoxicated, reckless driving and driving without a license, are not the same in law and in fact and are separate and distinct. That being true, there could be no double jeopardy in the prosecution of all three offenses: neither would a conviction on one of them be a bar to a conviction and a punishment on one of the others.

The appellant cites the case of *People* v. *Aldrich* (191 N. Y. Supp. 899) and the case of *People* v. *Fitzgerald* (101 Misc. 695) in support of his contention that section 1938 was violated in this case. I do not approve of the law as laid down in either of those cases. The conclusion arrived at in both cases is illogical and not based on a sound interpretation of the law. He also cites the case of *People* v. *Krank* (110 N. Y. 488). The opinion in that case has no application for the reason that the criminal act in both charges was identical, and, of course, section 1938 was applicable. The other cases cited by the appellant have no application to the case at bar.

My conclusion, therefore, is that in the case before us no error was made by the City Court in convicting and punishing the defendant on all three of the charges. All three were separate and distinct offenses, not the same in law or fact, the defendant was not placed in double jeopardy by prosecuting him on more than one of the charges, and section 1938 of the Penal Law was not violated by punishing him for more than one offense.

Let an order be entered affirming the judgment of conviction in each of the three cases.