THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SAMUEL BERGER, Defendant.

County Court, Monroe County, September 13, 1950.

*Arthur VD. Chamberlain* for defendant.

*Clarence J. Henry, District Attorney (Harry Rosenthal* of counsel), for plaintiff.

O'MARA, J.  A motion has been made in behalf of the defendant to dismiss two indictments returned by the Grand Jury of Monroe County on January 18, 1950, upon the ground that in the event the defendant was brought to trial on the said indictments it would constitute a violation of the State Constitution which provides that '' no person shall be subject to be twice put in jeopardy for the same offense '' (N. Y. Const., art. I, § 6) and that a prosecution of the said indictments would in addition violate the provisions of section 1938 of the Penal Law of this State which says '' an act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision.''

The defendant, by Indictment No. 46, returned by the Grand Jury of Monroe County on January 18, 1950, was charged with the crime of arson in the first degree in violation of sections 220 and 221 of the Penal Law of the State of New York, in that he did on or about August 23, 1949, in the nighttime, in the city of Rochester, Monroe County, New York, willfully and feloniously set on fire and burned a dwelling house occupied at the time by certain human beings.  This indictment was moved for trial before this court on June 7, 1950, and at the close of the presentation of the People's evidence upon motion made in behalf of the defendant, the court dismissed the said indictment on the ground that the evidence was not sufficient to support a finding of guilt beyond a reasonable doubt.  This determination on the part of the court was equivalent to a verdict of acquittal of the crime charged in the said indictment and resulted in a final determination of the crime charged against the defendant in view of the fact that no appeal is permitted in behalf of the People when an indictment is dismissed for insufficiency of the evidence adduced at the trial.  It therefore follows that this defendant can never again be prosecuted for the crime of arson involving the dwelling house in question or for any other crime which would require the People to establish as an essential element the burning of the said dwelling house.

One of the indictments which the defendant now seeks to have dismissed in view of the outcome of the indictment charging

the defendant with the crime of arson is Indictment No. 47 returned by the Grand Jury on the same date that the arson indictment was returned, charging the defendant with the crime of perjury in the first degree in violation of sections 1620 and 1620-a of the Penal Law of the State of New York, in that the defendant falsified his testimony as to his whereabouts on the evening immediately preceding the discovery of the fire at a proper hearing held for the purpose of determining the origin of the said fire.

The other indictment which the defendant seeks to dismiss is Indictment No. 48 likewise returned by the Grand Jury under date of January 18, 1950, charging the defendant with a violation of subdivision 1 of section 1202 of the Penal Law of the State of New York, in that the defendant presented false and fraudulent claims to the representatives of certain fire insurance companies in which he stated that the origin of the fire was unknown when, in truth and in fact, the fire was caused by his own act.

From the wording of Indictment No. 48, in order for the People to successfully prosecute the defendant, it would be necessary to present evidence to prove that the defendant burned the same dwelling house specified in the dismissed arson indictment. In view of the well-settled principles of law pertaining to double jeopardy such a prosecution cannot be had and Indictment No. 48 must therefore be dismissed.

The gravamen of Indictment No. 48 is the same as the dismissed Indictment No. 46, namely, the burning of the dwelling house on the part of the defendant and that issue has been determined. The main issue in Indictment No. 48 is the same in law and in fact as was the main issue in the dismissed Indictment No. 46. It is well settled that a conviction or acquittal upon one charge is no bar to a subsequent conviction upon another, unless it appears that the offense charged was the same in law and in fact as the one of which the defendant had either been acquitted or convicted. The fact that both charges relate to and grow out of one transaction makes no difference. Even if there is a fact which is common to both charges, but evidence is required to establish the second charge which was not required in the proof of the first charge, then the claim of double jeopardy is without foundation. (See *People* v. *Skarczewski,* 178 Misc. 160, affd. 287 N. Y. 826.)

A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them

would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

Having in mind that which has already been said to justify the dismissal of Indictment No. 48 charging the defendant with a violation of subdivision 1 of section 1202 of the Penal Law of the State of New York, an application of the same principles of law leads to the inevitable conclusion that a prosecution of Indictment No. 47 charging the defendant with the crime of perjury in the first degree would not place the defendant in double jeopardy. The gravamen of the said indictment is false swearing to claimed material facts in connection with the investigation pertaining to the origin of the fire. The offense charged is not the same in law or in fact as are the offenses charged in the other two indictments. The essential element of proof in connection with Indictment No. 47 is not whether the defendant or any other person set the fire but whether the defendant falsified in connection with his whereabouts on the evening of the fire and this issue was not an essential element of the crime of arson as charged in the dismissed indictment. In dismissing the arson indictment, the court merely determined that the evidence presented on the part of the People was insufficient to establish the fact that the defendant set the fire. The action taken on the part of the court did not constitute a determination as to the whereabouts of the defendant on the evening immediately preceding the discovery of the fire.

It is argued in behalf of the defendant, in view of the dismissal of the arson indictment, that the question as to whether the defendant falsified or not as set forth in Indictment No. 47 charging perjury in the first degree is no longer material. This reasoning is considered unsound in view of the statutes defining perjury in the first degree and perjury in the second degree. If the matter in question is material to the issue it constitutes perjury in the first degree. If it is not material it constitutes perjury in the second degree. This defendant, even though the matter in question was found not to be material, might well be found guilty of perjury in the second degree. (See *People* v. *Samuels,* 284 N. Y. 410.)

The motion to dismiss Indictment No. 48 charging the defendant with a violation of subdivision 1 of section 1202 of the Penal Law is hereby granted and the motion to dismiss Indictment No. 47 charging the defendant with perjury in the first degree is hereby denied.

Submit order accordingly.