[Crim. No. 6251. Second Dist., Div. Three. Dec. 17, 1958.]

THE PEOPLE, Respondent, v. ANDREW JOHN STEINBACH, Appellant.

Bodkin, Breslin & Luddy and Robert J. Sullivan for Appellant.

Edmund G. Brown, Attorney General, and John M. Huntington, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged, in Count 1 of an information, with manslaughter in violation of section 192, subdivision 3(a), of the Penal Code (driving a vehicle in the commission of an unlawful act, not amounting to felony, with gross negligence; or in the commission of a lawful act, in an unlawful manner, with gross negligence). In Count 2, he was charged with violating section 480 of the Vehicle Code, a felony, in that he drove an automobile which was involved in an accident resulting in the death of Tom Parker, and he unlawfully failed to stop immediately and comply with statutory provisions relative to giving information and rendering aid.

In a trial by jury, he was convicted of manslaughter without gross negligence, a misdemeanor (violation of section 192, subdivision 3(b) of the Penal Code); and was convicted of

violating section 480 of the Vehicle Code, a felony, as charged in Count 2. On Count 1, he was sentenced to imprisonment in the county jail for one year. On Count 2, probation was granted on condition that he serve one year in the county jail. It was ordered that the jail terms run concurrently.

Defendant's notice of appeal recites that he appeals from the order denying his motion for a new trial, and from the order denying his motion in arrest of judgment. He states in his brief that he abandons his attempted appeals from the order denying his motion in arrest of judgment, and the order denying his motion for a new trial as to the conviction of manslaughter, a misdemeanor. The appeal for consideration herein is his appeal from the order denying his motion for a new trial as to Count 2.

Appellant contends that a violation of section 192, subdivision 3(b), of the Penal Code (manslaughter, a misdemeanor) is a lesser and included offense in the offense of violation of section 480 of the Vehicle Code, a felony (referred to by him as "hit and run" driving, a felony), and that the conviction of the lesser offense (Count 1) was an acquittal of the greater offense (Count 2). Appellant contends further that if a violation of said section 192, subdivision 3(b), is not such a lesser and included offense, then the judgments herein punished twice for a single act contrary to the provisions of section 654 of the Penal Code.

On June 22, 1957, about 5:30 a. m., while Tom Parker was walking, in a southerly direction, on Pacific Avenue and near the left (east) side of a Pontiac automobile that was parked at the west curb, he was struck and killed by a Buick automobile that was being driven at a fast rate of speed, in a southerly direction, on that avenue. Before the Buick struck him, it struck the rear bumper of the Pontiac and caused a "big bang." The Buick did not stop at the scene of the accident but proceeded at an increased rate of speed,· south on Pacific Avenue, about three short blocks and then turned east onto another street. When the Buick struck Mr. Parker it knocked him forward several feet and nearly into the middle of the street. After the accident, the body of decedent lay crosswise of the street with the head near the center of the street. The Buick was red, and there was chrome trimming on it. Fragments of red paint were found on the street about 50 feet north of the body and about 2 feet east of the left side of the parked Pontiac (the rear bumper of which had been

struck by the Buick). A chrome strip was found on the street about 12 feet north of the body.

About two hours after the accident, defendant telephoned the police station and said that he wanted to report that his automobile had been stolen. Upon being requested to come to the station, he went there and reported that he had parked his red Buick automobile, bearing license Number MAR 729, in a certain parking lot and that the automobile had been stolen. About four hours later, police officers found the automobile, on a street, about 4 miles from the scene of the accident. At that time they observed that the right front fender and right door of the Buick had been damaged and that a chrome strip was missing from the right front fender.

There was evidence that particles of hair which were found on the Buick fender were similar to hair which was taken from the decedent's head. Also, there was evidence that fragments of paint which were found on the street, at the scene of the accident, came from the "same batch of mixed paints" as samples of paint which were removed from the Buick. Markings on the chrome strip (which strip was found in the street near the body) and photographs of the Buick indicate that the strip was the strip which was missing from the Buick.

A police officer testified that, in the afternoon of June 22, he and another officer had a conversation with defendant, wherein defendant said (in part) as follows: about 5:30 a. m. of that day he left a certain house and drove his car in a southerly direction on Pacific Avenue for a distance of approximately 100 feet, and then he drove on other streets and across a bridge; after he crossed the bridge he felt an impact on the right front fender of his car; then he saw the man whom his fender had struck; he continued driving and looked back and saw the man lying in the street; it appeared that the man was getting up on his hands and knees. Defendant also said that the reason he did not stop was that he did not think the man was hurt "too bad," and that he (defendant) had been drinking and there was a possibility that he might be arrested for "a 502" (driving while intoxicated).

As above stated, the first contention of appellant is that a violation of section 192, subdivision 3(b), of the Penal Code is a lesser and included offense in the offense of violation of section 480 of the Vehicle Code. Stated in another way (without designating the code sections), this contention is that the crime of manslaughter, a misdemeanor, resulting from the

unlawful driving of an automobile (without gross negligence), is included in the offense whereby a driver of an automobile fails to stop immediately and render aid when a person has been struck and killed by the automobile while the automobile was being driven without gross negligence. Appellant asserts that the essence of the crime charged in Count 2, that is, violation of section 480 of the Vehicle Code, ''is killing and fleeing''; that said section 192, subdivision 3(b), denounces ''a special type of killing, i.e., without gross negligence, and it is this type of killing which we say is always included in a violation of section 480 of the Vehicle Code under circumstances as exist in the case at bar.''

In *People* v. *Greer*, 30 Cal.2d 589 [184 P.2d 512], it was said at page 596: ''The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.''

Section 192 of the Penal Code provides in part: ''Manslaughter is the unlawful killing of a human being, without malice. It is of three kinds: 1. ... 2. ... 3. In the driving of a vehicle—(a) In the commission of an unlawful act, not amounting to felony, with gross negligence; or in the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence. (b) In the commission of an unlawful act, not amounting to felony, without gross negligence; or in the commission of a lawful act which might produce death, in an unlawful manner, but without gross negligence. This section shall not be construed as making any homicide in the driving of a vehicle punishable which is not a proximate result of the commission of an unlawful act, not amounting to felony, or of the commission of a lawful act which might produce death in an unlawful manner.''

Section 480 of the Vehicle Code provides: ''The driver of any vehicle involved in an accident resulting in injury to any person, other than himself, or death of any person shall immediately stop such vehicle at the scene of such accident and shall fulfill the requirements of Section 482(a) hereof and any person failing to stop or to comply with said requirements . . . is guilty of a public offense and . . . shall be punished by imprisonment in the state prison . . . or in the county jail . . . or by fine. . . .'' Section 482, subdivision (a), provides in part that a driver of any vehicle which is involved in such an accident shall render reasonable assistance to the injured per-

son, and shall give to him certain information including the name and address of the driver, and the registration number of the vehicle he is driving.

Applying the above-mentioned test, regarding an included offense, it appears that the offense of violation of said section 480 can be committed without necessarily committing the offense of manslaughter. The offense of violation of said section 480 can be committed without unlawful driving or any negligence on the part of the driver of the vehicle, and without death resulting from the accident. The provision in said section, with respect to the operation of the vehicle, is that the driver of a vehicle which is "involved in an accident" resulting in an injury to another, or resulting in the death of any person, shall stop immediately. An essential element of violation of said section 480 is the failure of the driver to stop immediately and furnish assistance and information.

In a violation of said section 192, subdivision 3(b), essential elements are unlawful driving, and the death of the injured person as a proximate result of the unlawful driving. In *People* v. *McKee,* 80 Cal.App. 200 [251 P. 675], defendant was convicted of (1) manslaughter resulting from the negligent driving of an automobile, and (2) violating section 141 of the Motor Vehicle Act (failing to stop and render aid after automobile accident). It was said therein at page 203: "Violation of section 141 of the Motor Vehicle Act is not included within or in fact related to the offense of manslaughter. . . . The acts constituting the second offense did not really commence until after the woman had been struck [by the automobile], at which time the first offense had been completed."

■ The offense of violation of section 192, subdivision 3(b), of the Penal Code is not an included offense in the offense of violation of section 480 of the Vehicle Code.

■ Appellant contends further, as above stated, that if a violation of said section 192, subdivision 3(b), is not such an included offense, then the judgments herein punished twice for a single act contrary to the provisions of section 654 of the Penal Code. Said section 654 provides in part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other." Appellant argues that the two offenses herein arose

out of a single act, and that the act cannot be divided and prosecuted as separate crimes. In *People* v. *McKee, supra* (wherein the defendant had been convicted of manslaughter resulting from driving an automobile, and convicted of failing to stop after the automobile accident), the defendant contended on appeal that he was twice placed in jeopardy for the same offense, "maintaining as the foundation for his argument that the transaction upon which the two offenses are based is but a single offense." It was held therein (p. 203) that he was not twice in jeopardy for the same offense. In the present case, the contention with reference to being punished twice for the same offense is not sustainable.

Appellant contends that the court erred in refusing to give an instruction, requested by defendant, which was as follows: "The charges contained in count_____ and count_____ of the information do not charge two separate offenses, but in effect charge that the defendant committed one or the other of such offenses. If you find that the defendant committed an act or acts constituting one of the crimes so charged, you then must determine which of the offenses charged was thereby committed . . . and if you find the defendant guilty of one of said offenses you must find him not guilty as to the other." The court did not err in refusing to give that instruction.

The appeals (1) from the order denying defendant's motion in arrest of judgment, and (2) from the order denying defendant's motion for a new trial as to the conviction of manslaughter, a misdemeanor (Count 1), are dismissed. (Defendant stated that he abandoned those appeals.) The order denying the motion for a new trial as to Count 2 is affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 11, 1959.