Clarence B. Van Horn, J.
On July 25, 1961, at about 2:30 a.m., Trooper R. A. Pallas observed the defendant traveling easterly on New York State Route 5 in the Town of Herkimer in an MG sports car. The trooper calculated the defendant’s speed as being in excess of 70 miles per hour and proceeded to give chase. The defendant led the trooper out of the Town of Herkimer and into the Village of Herkimer where the defendant went through a stop sign and a traffic control signal showing red, at high speed. The defendant was finally apprehended by the trooper and brought immediately before the Police Court of the Village of Herkimer. He was charged with going through the stop sign (Vehicle and Traffic Law, § 1172, subd. [a]), the red traffic control signal (Vehicle and Traffic Law, § 1111, subd. [d], par. 1) and speeding where traffic is controlled by a traffic control signal (Vehicle and Traffic Law, § 1180, subd. 2, par. [b]). To all of the charges, the defendant pled guilty and was fined.
The trooper also issued the defendant a Uniform Traffic Ticket, returnable before this court, charging* him with speeding in violation of subdivision 3 of section 1Í80 of the Vehicle and Traffic Law committed at 2:40 a.m., July 25, 1961 in the Town of Herkimer. To the information subsequently laid before this court by Trooper Pallas, the defendant has entered a plea of former judgment of conviction of the offense charged (Code Crim. Pro., §§ 700, 332) claiming that he may not be twice tried for the one act of speeding and citing section 6 of article I of the New York State Constitution and section 1938 of the Penal Law in support of his position.
Were the defendant here forced to rely solely upon section 6 of article I of the New York Constitution, it would seem that his plea of former judgment of conviction should not be sustained for the elements of proof required to support a conviction under section 1180 (subd. 2, par. [b]) of the Vehicle and Traffic Law differ from the proof required under subdivision 3 of section 1180 (People v. Skarczewski, 178 Misc. 160, 162-163, affd. 287 N. Y. 826). But the protection afforded a defendant under section 1938 of the Penal Law seems to me to be far broader *467 than the simple double jeopardy protection granted by the Constitution (People v. Snyder, 241 N. Y. 81; People v. Repola, 280 App. Div. 735, 281 App. Div. 679, affd. 305 N Y. 740; People ex rel. Santangelo v. Tutu ska, 19 Misc 2d 308, affd. 11 A D 2d 906). The Court of Appeals in a recent case interpretive of section 1938 of the Penal Law stated that ‘ ‘ if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be single punishment.” (People ex rel. Maurer v. Jackson, 2 N Y 2d 259, 264; emphasis the court’s.) The single, uninterrupted act with which the defendant is charged under both section 1180 (subd. 2, par. [b]) and subdivision 3 of section 1180 of the Vehicle and Traffic Law and the 1 ‘ material element ’ ’ under both subdivisions of section 1180 is speed (People v. Matthews, 4 Misc 2d 278, 279).
While section 1938 of the Penal Law does not forbid convictions (People ex rel. Maurer v. Jackson, supra, p. 268) it does, in my opinion, prohibit punishment of this defendant for both speeding violations. As the defendant has already been punished for a violation of section 1180 (subd. 2, par. [b]), and in keeping with the further prohibition contained in section 1938 of the Penal Law that11 a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision ”, the plea of the defendant is sustained, the information herein is dismissed on the law, and the defendant discharged.