## STATE v. LEO MURPHY.

152 N. W. (2d) 507.

August 4, 1967—No. 40,399.

C. *Paul Jones*, State Public Defender, and *Ronald L. Haskvitz*, Assistant State Public Defender, for appellant.

*Robert W. Mattson*, Attorney General, and *Robert A. Peterson*, County Attorney, for respondent.

MURPHY, JUSTICE.

This case is before us on appeal from a judgment of conviction of the offense of unauthorized use of an automobile in violation of Minn. St. 609.55. It is asserted that defendant's prior conviction of drunkenness in violation of § 340.96 precludes prosecution under the former statute since both violations allegedly grew out of the same conduct and the prosecution of one is a bar to the prosecution of the other within the provisions of § 609.035.

We gather from the transcript of the testimony that while in an inebriated condition defendant entered and attempted to drive away an automobile left parked, with the motor running, outside an East Grand Forks bar. Apparently he had difficulty in managing the automobile, and after he had gone a short distance, he was apprehended by the

owner of the car and another person who pursued him on foot. He was removed from the automobile, beaten, and turned over to the local police. Upon entering a plea of guilty in municipal court to the charge of being drunk, he received a 30-day sentence. A few weeks later the prosecuting authorities, apparently feeling that a greater penalty should have been imposed, charged defendant with the offense of unauthorized use of an automobile. As we have already indicated, defendant on arraignment moved for dismissal on the ground of prior conviction. The motion was denied. On trial, defendant was found guilty and the maximum sentence of 3 years was imposed.

This case again presents for construction § 609.035, which provides:

"Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

The application of this statute has been fully considered and discussed at length in previous decisions of this court. City of Bloomington v. Kossow, 269 Minn. 467, 131 N. W. (2d) 206; State v. Johnson, 273 Minn. 394, 141 N. W. (2d) 517; State v. Reiland, 274 Minn. 121, 142 N. W. (2d) 635; State v. Gladden, 274 Minn. 533, 144 N. W. (2d) 779. The statute is also considered in an exhaustive and helpful analysis found in 50 Minn. L. Rev. 1102.[1]

In considering whether defendant's conduct constituted more than one offense so as to make conviction or acquittal of one a bar to the prosecution of the other, the elements of both offenses with which defendant was charged should be considered. So far as applicable here, the offense of drunkenness is defined by § 340.96 as follows:

"Every person who becomes intoxicated by voluntarily drinking in-

---

[1] See, also, Comment by Maynard E. Pirsig, 40 M. S. A. 58; State v. Fredlund, 200 Minn. 44, 273 N. W. 353; State v. Robinson, 262 Minn. 79, 114 N. W. (2d) 737, certiorari denied, 371 U. S. 815, 83 S. Ct. 26, 9 L. ed. (2d) 56; 5A Dunnell, Dig. (3 ed.) § 2426; and 47 Minn. L. Rev. 273.

toxicating liquors is guilty of the crime of drunkenness, and shall be punished * * *."

Unlike some ordinances and statutes which punish that offense, § 340.96 does not merely proscribe intoxication in a public place or intoxication accompanied by disorderly or offensive conduct. The statute punishes any excessive drinking to the point of intoxication.

The offense of unauthorized use of a motor vehicle is defined by § 609.55, subd. 2, which provides:

"Whoever intentionally takes and drives a motor vehicle without the consent of the owner or his authorized agent may be sentenced to imprisonment for not more than three years or to payment of a fine of not more than $3,000, or both."

Obviously, the conduct of intentionally taking a motor vehicle without the consent of the owner involves acts and behavior not necessarily related to the act of excessive drinking. In the context of the record here, the excessive drinking and the theft were separate and distinct acts in both time and place. While it may well be that an intoxicated person may be prone to engage in unlawful conduct, it is not reasonable to say that the conduct of excessive drinking embraces within it a felony committed while in the state of intoxication. This principle is recognized by § 609.075,[2] which specifically states that a criminal act "is not less criminal" by reason of intoxication. In State v. Garvey, 11 Minn. 95 at 103 (154 at 163), where the defendant, who was charged with assault with intent to do great bodily harm, interposed the defense of intoxication which, he contended, deprived him of the intent which was an element of the offense, the court said:

"* * * It is not pretended that intoxication is in any case an *excuse* for crime, but when the *intention* of the party is an element of the crime, insanity of any kind, or from any cause, which renders the party in-

___

[2] Minn. St. 609.075 provides: "An act committed while in a state of voluntary intoxication is not less criminal by reason thereof, but when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind."

capable of forming any intention, and which is not voluntarily induced with a view to the commission of a crime while in that state, may be given in evidence to show that he is not guilty of the specific crime with which he is charged. It would not follow, because the accused was in this case intoxicated, that he did not intend great bodily harm to [the victim]; he may have been intoxicated and still acted with this criminal intent. This was for the jury to decide from all the evidence in the case."

See, also, 5A Dunnell, Dig. (3 ed.) § 2447.

By correct instructions to the jury, defendant was given the full benefit which the law accords to the defense of intoxication. Under the facts in this case, the test to be applied to the defense of prior conviction is this: "Were all of the acts performed necessary to or incidental to the commission of a single crime and motivated by an intent to commit that crime?" (Italics omitted.) People v. Savarese, 1 Misc. (2d) 305, 326, 114 N. Y. S. (2d) 816, 835. As we said in State v. Reiland, *supra*, "The conduct constituting each offense is not the result of a single motivation directed toward a single goal but is essentially dissimilar and unrelated in both respects." 274 Minn. 125, 142 N. W. (2d) 638.

Accordingly, we conclude that the judgment must be affirmed.
Affirmed.