*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1815**

State of Minnesota,
Respondent,

vs.

Luke Brandon Scott,
Appellant.

**Filed April 25, 2016
Reversed and remanded
Klaphake, Judge**[*]

Ramsey County District Court
File No. 62-CR-10-8293

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Laura Rosenthal, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Luke Brandon Scott challenges the district court's denial of his motion to correct his sentence for false imprisonment and first-degree assault. Appellant argues that under Minn. Stat. § 609.035, subd. 1 (2010), he cannot be sentenced for both convictions because they arose out of the same behavioral incident. Because the convictions arose out of the same behavioral incident, we reverse and remand.

## DECISION

"[I]f a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them." Minn. Stat. § 609.035, subd. 1. The state bears the burden of proving by a preponderance of the evidence that multiple criminal offenses did not arise from a single behavioral incident. *State v. McCauley*, 820 N.W.2d 577, 591 (Minn. App. 2012), *review denied* (Minn. Oct. 24, 2012). "The principle that only one sentence may be imposed based on a single behavioral incident protects defendants from both multiple sentences and multiple prosecutions . . . ." *State v. Williams*, 608 N.W.2d 837, 841 (Minn. 2000). "Whether the offenses arose from the same behavioral incident depends on the facts and circumstances of the particular case." *State v. Bauer*, 776 N.W.2d 462, 477 (Minn. App. 2009), *aff'd* 792 N.W.2d 825 (Minn. 2011). When, as here, both offenses are intentional, we "consider whether the conduct (1) shares a unity of time and place and (2) was motivated by an effort to obtain a single criminal objective." *Id*. at 478. When the facts are not in dispute, the question of whether multiple

2

offenses are part of a single behavioral incident is reviewed de novo. *See State v. Ferguson*, 808 N.W.2d 586, 590 (Minn. 2012).

## A. Unity of Time and Place

Appellant argues that the false imprisonment and first-degree assault share a unity of time because they happened over the course of one evening and early morning, and share a unity of place because they both happened in appellant's home and yard. We agree. The crimes share a unity of time because appellant's conduct occurred in a nearly continuous manner from the outbreak of the dispute at or near 10:00 p.m. until he struck the victim, C.H., with a wine bottle at or near 5:00 a.m. the following morning. *See State v. Jones*, 848 N.W.2d 528, 533 (Minn. 2014) (finding unity of time when text messages were sent over a period of two-and-one-half hours at the same place). There is also a unity of place because the false imprisonment and first-degree assault both occurred in and around appellant's home. *See Williams*, 608 N.W.2d at 843 (finding no distinction in place where two crimes were committed where "the distance between the [rooms] was a matter of only a few feet"). Given that appellant's actions share a unity of time and place, the determination rests on whether the crimes share a single criminal objective. *See Bauer*, 776 N.W.2d at 479.

## B. Single Criminal Objective

To decide whether crimes share a single criminal objective, "we examine the relationship of the crimes to each other." *Jones*, 848 N.W.2d at 533. A single criminal objective must demonstrate a unity of purpose or be "the result of a single motivation directed toward a single goal." *State v. Reiland*, 274 Minn. 121, 125, 142 N.W.2d 635,

3

638 (1966). We must determine if "all of the acts performed were necessary to or incidental to the commission of a single crime and motivated by an intent to commit that crime." *State v. Krampotich*, 282 Minn. 182, 186-87, 163 N.W.2d 772, 776 (1968).

C.H.'s testimony about appellant striking her with a wine bottle gives context to the incident. C.H. testified that before the wine-bottle incident, she was sitting on appellant's couch and "just begging him to let [her] out." Appellant responded by threatening her with a pellet gun and then brandishing an empty wine bottle. C.H. picked up another empty wine bottle to defend herself but "realized that [she] was close enough to the door and that [she] could use it . . . to break the window in the front door." C.H. "thought that [breaking the window] would . . . help [her] unlock it," so she broke the window, realized she could not unlock the door, and "started screaming for help." C.H also testified that in response to her breaking the window, appellant "was really mad," and "while [she] was faced away from him . . . he reached around and smashed [her] face with the bottle." We agree with appellant that striking C.H with a wine bottle after she broke his front door window was part of a single criminal objective—confining C.H in his home. We cannot ignore the state's burden to prove by a preponderance of the evidence that the offenses did not occur as part of the same behavioral incident. *McCauley*, 820 N.W.2d at 591. Aside from the fact that appellant did inflict bodily harm on C.H., the state has offered no evidence to substantiate a change in appellant's criminal objective. During the night, appellant took C.H.'s keys, put her in a dog kennel, and dragged her back inside when she tried to escape through the back yard, all in an effort to confine C.H. Striking C.H. with a wine bottle was, if not necessary, at least "incidental to the commission of [false imprisonment] and

4

motivated by an intent to commit that crime." *See Krampotich*, 282 Minn. at 186-87, 163 N.W.2d at 776; *State v. Frank*, 416 N.W.2d 744, 750 (Minn. App. 1987) (finding repeated assaults of a victim were "a means to" the end of "contemplated sexual misconduct"), *review denied* (Minn. Feb. 8, 1988).

For these reasons, the district court erred when it concluded that the false imprisonment and first-degree assault did not arise out of the same behavioral incident and denied appellant's motion to correct his sentence.

Section 609.035, subdivision 1, "contemplates that a defendant will be punished for the most serious of the offenses arising out of a single behavioral incident." *State v. Kebaso*, 713 N.W.2d 317, 322 (Minn. 2006) (quotation omitted). In determining which sentence should be vacated, we "should look to the length of the sentences actually imposed . . . to ascertain which offense is the most serious, leaving the longest sentence in place." *Id.* Appellant was sentenced to 15 months in prison on the false-imprisonment conviction and 210 months in prison on the first-degree-assault conviction. We therefore reverse and remand for vacation of Scott's false-imprisonment sentence and resentencing consistent with this opinion.

**Reversed and remanded.**